UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| CESAR ROJAS,<br>CDCR #BA-4157,<br><br>　　　　　　　　　　　Plaintiff,<br><br>vs. COUNTY OF SAN DIEGO,<br><br>　　　　　　　　　　　Defendants. | Case No. 3:17-cv-01825-WQH-WVG<br><br>**ORDER DISMISSING CIVIL ACTION FOR FAILING TO STATE A CLAIM PURSUANT TO 28 U.S.C. § 1915(e)(2) AND § 1915A(b) AND FOR FAILING TO PROSECUTE IN COMPLIANCE WITH COURT ORDER REQUIRING AMENDMENT** |

CESAR ROJAS ("Plaintiff"), currently incarcerated at Richard J. Donovan Correctional Facility, and proceeding pro se, filed this civil rights action on September 6, 2017. (ECF No. 1).

Plaintiff claims the County of San Diego violated his rights to due process and to be free from cruel and unusual punishment by "prolonging" his detention in County Jail, based on acts of perjury during what appear to be three separate San Diego Superior Court criminal proceedings held in 2011, 2013-2014, and 2015-2016. *Id.* at 1, 3. He sought both general and punitive damages. *Id.* at 11–12.

On November 21, 2017, the Court granted Plaintiff leave to proceed *in forma pauperis*, but dismissed his Complaint for failing to state a claim upon which relief can

be granted pursuant to 28 U.S.C. § 1915(e)(2)(B)(ii) and § 1915A(b)(1). (ECF No. 4). Plaintiff was informed of his pleading deficiencies and granted 45 days leave in which to file an Amended Complaint that fixed them. *Id.* at 5–10. Plaintiff was further cautioned that his failure to amend would result in the dismissal of his case. *Id.* at 9–10 (citing *Lira v. Herrera*, 427 F.3d 1164, 1169 (9th Cir. 2005) ("If a plaintiff does not take advantage of the opportunity to fix his complaint, a district court may convert the dismissal of the complaint into a dismissal of the entire action.")).

More than two months have passed since the Court's November 21, 2017 Order, and Plaintiff's Amended Complaint was due on or before January 5, 2018. Plaintiff has failed to file an Amended Complaint, and has not requested an extension of time in which to do so. "The failure of the plaintiff eventually to respond to the court's ultimatum—either by amending the complaint or by indicating to the court that [he] will not do so—is properly met with the sanction of a Rule 41(b) dismissal." *Edwards v. Marin Park*, 356 F.3d 1058, 1065 (9th Cir. 2004).

**Conclusion and Order**

Accordingly, the Court **DISMISSES** this civil action in its entirety without prejudice based on Plaintiff's failure to state a claim upon which § 1983 relief can be granted pursuant to 28 U.S.C. § 1915(e)(2)(B) and § 1915A(b), and his failure to prosecute pursuant to Fed. R. Civ. P. 41(b) in compliance with the Court's November 21, 2017 Order (ECF No. 4).

The Court further **CERTIFIES** that an IFP appeal would not be taken in good faith pursuant to 28 U.S.C. § 1915(a)(3) and **DIRECTS** the Clerk to enter a final judgment of dismissal and close the file.

**IT IS SO ORDERED**.

Dated: February 20, 2018

Hon. William Q. Hayes
United States District Court